**THE PEOPLE OF THE TERRITORY OF GUAM.**
**Plaintiff-Appellee**

v.

**DONALDO A. VILLARTA, Defendant-Appellant**

Criminal No. 52-A

District Court of Guam

Appellate Division

June 1, 1977

Before DUENAS and WONG, *District Judges*, and HEFNER, *Designated Judge*

PER CURIAM

OPINION

The appellant appeals from a conviction of involuntary manslaughter after a court trial.

One ground urged on appeal is that the evidence is insufficient to sustain a finding of guilt.

■ The general principle to be followed on appellate review is that where there is substantial conflict in the evidence, the finding of the judge on issues of fact will not be disturbed. Witkin, California Criminal Procedure, p. 666.

It is only when it is clear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion in the court below that the finding of the trial court will be set aside. *People v. Tom Woo*, 181 Cal. 315.

The only finding by the trial court in this matter was that the defendant was guilty of involuntary manslaughter. In order to find such guilt, the trial court had to find that the defendant was driving under the influence of intoxicating liquor and by failing to yield the right-of-way to an approaching vehicle when making a left turn in or near an intersection. Sections 23405 and 23126, Government Code of Guam, and §§ 192(3)(b) and 193(4), Penal Code of Guam.

█ The evidence more than supports the conclusion of the trial court that the defendant was driving under the influence of alcohol at the time of the accident. Not only did the defendant's passenger in his vehicle testify that the defendant had been drinking, but two police officers who investigated the accident[1] testified that, in their opinion, the defendant was under the influence of intoxicating liquor. A review of the officers' testimony prior to giving that opinion reveals sufficient personal observation to form the basis of such an opinion.

█ The appellant argues at length that error was committed by the trial court by admitting the results of the device[2] used to test the defendant for blood alcohol content. It is also argued that the trial court erred in allowing Dr. Park, a pathologist, to testify about anything other than the cause of the death of the driver of the car struck by the defendant's automobile.

---

[1] Pp. 37–38 and pp. 118–119, R.T.

[2] The device is called an Omicron Intoxilyzer machine. The person to be tested breathes into the apparatus and a computation is made to equate the breath sample with blood alcohol content.

There is no way in knowing what, if any, weight the trier of fact gave to the testimony of Dr. Park, or of the results of the device which tested the defendant's breath. The transcript of Dr. Park's testimony about the effect of alcohol on the human body boils down to one basic expression of opinion. The doctor testified that a blood alcohol content of .15 percent ". . . is pretty high in that it definitely affects the motor vehicle operation."[3]

The court did not commit error by admitting the testimony of Dr. Park. A medical doctor is qualified as an expert witness in a given area of medicine even if the doctor is not a specialist in that given area so long as he has an opinion based upon education, experience, observation, or association with that specialty. *Cline v. Lund*, 31 C.A.3d 755. Dr. Park had an opinion based upon such factors. Therefore, that opinion is competent evidence.

It is also the finding of this court that introduction into evidence of the result of the Omicron Intoxilyzer was not error. However, the finding of this court is limited only to the facts in this case and shall not be considered a precedent in future cases.

Judgment of conviction is affirmed.

---

[3] R.T., p. 100.